UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-3572-B |
| CAROL CORZO, BRENDA LIZBETH MELGAR CRUZ, ADAN ALBERTO MELGAR CRUZ, and DANIEL MELGAR CRUZ, | § § § § § | |
| Defendants and Cross-Claimants, | § § | |
| v. | § § | |
| BLANCA NELIS CHICAS, | § § | |
| Defendant and Cross-Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is the Joint Motion for Discharge and Disbursement of Funds from the

Court's Registry (Doc. 14), filed by Plaintiff American General Life Insurance Company ("American

General") and Defendants Carol Corzo, Brenda Lizbeth Melgar Cruz, Adan Alberto Melgar Cruz,

and Daniel Melgar Cruz ("Defendants"). In this motion, American General and Defendants ask the

Court to: (1) discharge American General from liability regarding life-insurance proceeds, and (2)

order the disbursement of the proceeds at issue to Defendants. For the reasons stated below, the

Court grants the first request but denies the second without prejudice. Thus, the Court **GRANTS**

**IN PART** and **DENIES IN PART** the motion.

## I.

## BACKGROUND

This interpleader action concerns the proceeds of a life-insurance policy issued by American General. In September 2016, Ottoniel Melgar Perez purchased a $300,000 life-insurance policy ("the Policy") from American General. Doc. 1, Compl., ¶ 9. He named Defendants, who are his relatives, as primary beneficiaries on the Policy. *Id.* A few years later, Perez married Blanca Nelis Chicas ("Chicas"). *Id.* ¶ 10. Subsequently, Perez passed away, leaving his $300,000 death benefit from the Policy behind. *Id.* ¶¶ 11–12. Chicas and Defendants both submitted claims to American General for the death benefit. *Id.* ¶¶ 13–14.

To resolve these competing claims, American General filed an interpleader action in this Court against Chicas and Defendants. *See generally* Doc. 1, Compl. Shortly thereafter, the Court granted American General's motion to deposit the death-benefit sum of $300,000 into the Court's registry, Doc. 7, Order, 1, and American General deposited the funds. Defendants then filed an answer to American General's complaint, which contains a cross-claim alleging that "Chicas is not entitled to any of the life insurance proceeds[.]" Doc. 8, Answer, ¶ 26. Nearly one month later, Chicas was served with American General's interpleader complaint. Doc. 10, Return of Service, 1–2. When Chicas failed to timely file an answer to the complaint, American General sought and obtained an entry of default against her. Doc. 11, Pl.'s Req., 1; Doc. 12, Clerk's Entry of Default, 1. American General and Defendants then filed a joint motion asking the Court to discharge American General from liability and disburse the death benefit (minus a $2,500 attorneys' fee award to American General) to Defendants. Doc. 14, Jt. Mot., 1, 4. The Court considers this joint motion below.

## II.

## LEGAL STANDARD

"Statutory interpleader is proper when a (1) stakeholder has a single fund worth at least $500; (2) where two or more adverse claimants with diverse citizenship are competing for that fund; and (3) the stakeholder has deposited the fund in the Court's registry." *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 411, 414 (N.D. Tex. 2005) (footnote omitted) (citing 28 U.S.C. § 1335(a)). "An interpleader action allows the stakeholder to pay the money in dispute into court, withdraw from the proceedings, and leave the claimants to litigate between themselves their entitlement to the funds." *Ekholm v. T.D. Ameritrade, Inc.*, 2013 WL 4223128, at *2 (N.D. Tex. Aug. 14, 2013) (citations omitted). In determining whether the interpleader requirements are satisfied, the Court must first determine "if there is a single fund at issue and whether there are adverse claimants to that fund." *Wells Fargo Bank, N.A. v. Lane Grp., LLC*, 2019 WL 1099992, at *2 (N.D. Tex. Feb. 13, 2019) (citing *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)). If these requirements are met, the Court then "determines the rights of the claimants." *Id.* (citing *Rhoades*, 196 F.3d at 600).

## III.

## ANALYSIS

Below, the Court concludes that American General has satisfied the requirements for statutory interpleader. However, the Court will not determine the rights of the claimants to the funds at issue until Defendants have moved for default judgment against Chicas.

A.   *American General Is Entitled to Statutory Interpleader and Thus Is Discharged from Liability.*

American General has met the requirements for interpleader. First, American General, as

stakeholder, holds a single fund worth over $500. Doc. 1, Compl., ¶¶ 7, 9; Doc. 8, Defs.' Answer, ¶¶ 7, 9.[1] Second, there are at least two adverse claimants of diverse citizenship claiming an interest in the fund: Chicas is a citizen of Texas, while Defendants are citizens of Florida and Guatemala. Doc. 1, Compl., ¶¶ 7, 13, 14; Doc. 8, Defs.' Answer, ¶¶ 7, 13, 14. Third, American General deposited the funds at issue into the Court's registry. *See* Doc. 7, Order, 1–2 (authorizing American General to deposit the funds); Doc. 14, Jt. Mot., 4 (explaining that the funds were deposited, as reflected in a docket entry, on January 12, 2021).

Because American General has satisfied the requirements for interpleader, the Court discharges American General from liability. *See Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 263 (5th Cir. 2018) (per curiam) ("Once a district court concludes that the requirements for interpleader have been met, it may discharge the plaintiff-stakeholder if the stakeholder is a disinterested party willing to tender the disputed funds." (citation omitted)). Further, the Court may award American General reasonable attorneys' fees incurred in bringing the interpleader action, because American General is "a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999); *see* Doc. 1, Compl., ¶ 21 (alleging American General does not claim any interest in the funds); Doc. 7, Defs.' Answer, ¶ 21 (admitting this allegation). Here, American General has requested $2,500 in attorneys' fees, and the Court finds this request reasonable given that American General filed an interpleader complaint, a motion to deposit funds into the Court registry, a request for an entry of default, and the joint motion at hand.

---

[1] Because Chicas is in default, she is deemed to have admitted American General's well-pleaded allegations. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]" (citations omitted)).

Further, Defendants agree to American General's request for attorneys' fees. *See* Doc. 14, Jt. Mot., 4.

The Court thus holds that American General is entitled to be discharged from this action and to receive $2,500 in reasonable attorneys' fees. Accordingly, the Court **GRANTS IN PART** the joint motion and **ORDERS**:

1. That American General be discharged with prejudice from any and all liability to Defendants, Chicas, and to any person, firm, estate, corporation, or entity on account of or in any way related to American General Life Insurance Company Policy Number YME0779168 issued to the late Ottoniel Melgar Perez and/or related to the handling or processing of any claims made under American General Life Insurance Company Policy Number YME0779168 issued to the late Ottoniel Melgar Perez.

2. That Defendants and Chicas be enjoined from instituting or prosecuting against American General any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable under American General Life Insurance Company Policy Number YME0779168 and on account of the death of Ottoniel Melgar Perez, and that said injunction issue without bond or surety;

3. That American General be dismissed with prejudice from all further appearances or actions in this case, and from all liability for cost herein.

4. That the Clerk of Court be ordered to disburse $2,500 to American General for its reasonable attorneys' fees and costs from the Court registry containing the funds at issue.

B. *Defendants Must Obtain Default Judgment Against Chicas Before the Court Disburses the Remaining Funds.*

Although Chicas is in default with respect to American General's complaint, *see* Doc. 12, Clerk's Entry of Default, Defendants have not moved for a default judgment against Chicas. A motion for default judgment is the proper vehicle for appearing claimants to seek disbursement when the other claimants have failed to appear. *See, e.g., Benjamin Moore & Co. v. Menendez*, 2019 WL 3413420, at *1 (N.D. Tex. July 29, 2019) ("[I]f default judgment against [one of the interpleader

defendants] is warranted, then disbursement of the interplead funds to [the other interpleader defendant] is proper."). Additionally, to obtain a default judgment against Chicas with respect to their cross-claim, *see* Doc. 8, Answer, ¶¶ 26–34, Defendants "cannot rely or 'piggyback' on the service of [American General's] summons and Original Complaint; [Chicas's] failure to . . . respond to [American General's] Original Complaint; or the related entry of default against [Chicas.]" *Andrews v. Andrews*, 2017 WL 11494093, at *2 (N.D. Tex. Aug. 10, 2017). Rather, to obtain a default judgment on the cross-claim against Chicas, Defendants must first serve Chicas with a summons and a copy of a pleading asserting their cross-claim. *See id.* (citation omitted).[2]

Without a finding that Defendants are entitled to a default judgment against Chicas, the Court cannot "determine[] the rights of the claimants." *Wells Fargo Bank*, 2019 WL 1099992, at *2 (citation omitted); *see, e.g.*, *Neiman Marcus Grp., Inc. v. Pacific Valley Bank*, 2010 WL 5441917, at *1 (N.D. Tex. Dec. 27, 2010) (ordering disbursement of funds to an appearing claimant by granting the appearing claimant's motion for default judgment against a claimant who did not answer the interpleader action or "otherwise defend[] against" the appearing claimant's claim to the funds); *Lee v. Dale*, 2020 WL 887736, at *2 (N.D. Tex. Feb. 24, 2020) (same). Thus, the Court **DENIES** Defendants' request for disbursement **WITHOUT PREJUDICE**.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** the joint motion (Doc. 14). Namely, the Court **GRANTS** the motion insofar as the parties seek to

---

[2] Alternatively, Defendants may elect to dismiss their cross-claim. Irrespective of whether they proceed with their cross-claim, however, Defendants must move for default judgment against Chicas.

discharge American General from liability. Accordingly, the Court **DISCHARGES** American General with prejudice, **DISMISSES** American General as a party in this case, and **ORDERS** the Clerk of Court to disburse $2,500 to American General for its reasonable attorneys' fees and costs from the Court's registry containing the funds at issue.

But the Court **DENIES** the motion **WITHOUT PREJUDICE** to the extent Defendants seek disbursement of the remaining funds in the Court's registry. To obtain disbursement, Defendants have two alternative paths: (1) they may dismiss their cross-claim against Chicas and move for default judgment against Chicas on the interpleader complaint; or (2) they may serve Chicas with their cross-claim, obtain an entry of default against Chicas as to the cross-claim, and move for default judgment against Chicas on the cross-claim.

Finally, the Court **ORDERS** the Clerk's Office to re-align Defendants as the plaintiffs in this action and Chicas as the sole defendant in this action.

SO ORDERED.

SIGNED: April 1, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE