UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL CORZO, BRENDA LIZBETH MELGAR CRUZ, ADAN ALBERTO MELGAR CRUZ, and DANIEL MELGAR CRUZ, <br><br>Plaintiffs, <br><br>v. <br><br>BLANCA NELIS CHICAS, <br><br>Defendant. | § § § § § § § § § § § § § § | <br><br><br><br><br><br><br>CIVIL ACTION NO. 3:20-CV-3572-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Entry of Default Against Blanca Nelis Chicas and Disbursement of Funds from the Court's Registry (Doc. 18). For the reasons set forth below, the Court **GRANTS** the motion.

### I.

### BACKGROUND

This interpleader action concerns the proceeds of a life-insurance policy issued by American General Life Insurance Company ("American General"). In September 2016, Ottoniel Melgar Perez purchased a $300,000 life-insurance policy ("the Policy") from American General. Doc. 1, Compl., ¶ 9. He named Carol Corzo, Brenda Lizbeth Melgar Cruz, Adan Alberto Melgar Cruz, and Daniel Melgar Cruz (collectively, "Plaintiffs") as primary beneficiaries on the Policy. *Id.* A few years later, Perez married Blanca Nelis Chicas ("Chicas"). *Id.* ¶ 10. Subsequently, Perez passed away, leaving his $300,000 death benefit from the Policy behind. *Id.* ¶¶ 11–12. Chicas and Plaintiffs both submitted

claims to American General for the death benefit. *Id.* ¶¶ 13–14.

To resolve these competing claims, American General filed an interpleader action in this Court. *See generally* Doc. 1, Compl. Shortly thereafter, the Court granted American General's motion to deposit the death-benefit sum of $300,000 into the Court's registry, Doc. 7, Order, 1, and American General deposited the funds. Plaintiffs then filed an answer to American General's complaint, which contained a cross-claim alleging that "Chicas is not entitled to any of the life insurance proceeds[.]" Doc. 8, Answer, ¶ 26. Nearly one month later, Chicas was served with American General's interpleader complaint. Doc. 10, Return of Service, 1–2. When Chicas failed to timely answer the complaint, American General sought and obtained an entry of default against her. Doc. 11, Request, 1; Doc. 12, Clerk's Entry of Default, 1. American General and Plaintiffs then filed a joint motion asking the Court to discharge American General from liability and disburse the death benefit (minus a $2,500 attorneys' fee award to American General) to Plaintiffs. Doc. 14, Jt. Mot., 5.

The Court granted the motion to the extent the parties sought to discharge American General and award American General attorneys' fees. Doc. 16, Mem. Op. & Order, 6–7. But the Court denied the motion insofar as Plaintiffs sought disbursement of the remaining registry proceeds because Plaintiffs had not moved for default judgment against Chicas or served her with their cross-claim. *See id.* at 7. After this ruling, Plaintiffs dismissed their cross-claim, *see* Doc. 17, Notice, 1, and filed a motion seeking an entry of default, default judgment, and disbursement of the remaining death-benefit proceeds (Doc. 18). The Clerk of Court again entered default against Chicas. Doc. 19, Clerk's Entry of Default, 1. Now, the Court considers Plaintiffs' remaining requests for default

judgment and disbursement.[1]

## II.

## LEGAL STANDARD

When only one of the claimants named in an interpleader action has answered, the court need not consider the merits of which party is entitled to the funds. *USAA Fed. Sav. Bank v. Lavean*, 2015 U.S. Dist. LEXIS 134301, at *4 (W.D. Tex. Oct. 1, 2015) (citing *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984); *N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 & n.6 (2d Cir. 1983)). Accordingly, if default judgment against Chicas is warranted, then disbursement of the interpleaded funds to Plaintiffs is proper.[2]

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

"Generally, the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citation omitted). Among the factors a district court may consider when deciding whether to grant a default judgment are whether: (1) "material issues of fact" exist; (2) "there has been substantial prejudice"; (3) "the grounds for default are clearly established"; (4) "the default was caused by a good faith mistake or excusable neglect"; (5) the

---

[1] Throughout their motion, Plaintiffs sometimes request default judgment against "Defendant Cruz," rather than "Defendant Chicas." *See, e.g.*, Doc. 18, Mot., ¶ 5 . Reading the motion as a whole, however, it is clear Plaintiffs seek default judgment against Chicas.

[2] Although Plaintiffs are four claimants as opposed to one, they are not adverse to one another, as they request disbursement based on the portions set forth in American General's complaint (Doc. 1) and are not competing with one another for the funds at issue.

default judgment would be harsh; and (6) "the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citation omitted).

## III.

## ANALYSIS

Applying the *Lindsey* factors to this case, the Court finds default judgment warranted. First, Chicas has not appeared in this case, let alone filed any responsive pleadings. Consequently, there are no material facts in dispute. *See Lindsey*, 161 F.3d at 893. Second, Chicas's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [Plaintiffs'] interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing, *inter alia*, *Lindsey*, 161 F.3d at 893). Third, the grounds for default have been clearly established by Chicas's failure to respond to the interpleader complaint and the Clerk's entries of default. Fourth, there is no evidence before the Court to indicate that Chicas's complete nonresponsiveness is the result of a "good faith mistake or excusable neglect[.]" *Lindsey*, 161 F.3d at 893. Fifth, the harshness of default judgment is mitigated by the fact that Chicas has forfeited any claim of entitlement she may have had to the interpleaded funds. *See Metro. Life Ins. Co. v. Theriot*, 2010 WL 4644057, at *3 (W.D. La. Nov. 8, 2010) (citing *Shuqualak Lumber Co., Inc. v. Hardin*, 2009 WL 2767676, at *2 (N.D. Miss. Aug. 27, 2009) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.")) And sixth, the Court is not aware of any facts that would give reason to set aside the default if challenged by Chicas. Therefore, the Court concludes that default judgment is proper. As a result, Plaintiffs are entitled to the interpleaded funds.

IV.

CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiffs' motion for default judgment and disbursement (Doc. 18). Accordingly, the Court will enter final judgment against Chicas by separate order, and this order will provide instructions for disbursement of the interpleaded funds of $297,500.00[3] plus all accrued interest.

**SO ORDERED.**

**SIGNED: April 22, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3] Because American General deposited $300,000, and the Court ordered $2,500 be disbursed to American General for attorneys' fees, there is $297,500 (plus accrued interest) remaining in the Court's registry.